THE STATE OF OHIO, APPELLEE, *v.* MAY, APPELLANT.

[Cite as State v. May (1974), 40 Ohio App. 2d 342.]

(No. 74AP-9—Decided May 21, 1974.)

Mr. James J. Hughes, Jr., city attorney, Mr. Daniel W. Johnson, city prosecutor, and Mr. Michael J. Norris, for appellee.

Messrs. Crane & Heltzel, for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court. The record shows that defendant, the appellant herein, was charged with malicious destruction of property, to wit: Throwing a beer bottle through the kitchen window of property belonging to Charles Puckett, 1280 Greenleaf Road. The transcript reflects a running neighborhood quarrel involving defendant, the prosecuting witness, and their respective families. This, of course, presents vexing problems for all concerned.

Charles Puckett testified that a beer bottle was thrown through his window at approximately 11:20 p. m., September 11, 1973, and that, two days later, defendant came into his driveway and said he "did it." Apparently this occurred after Puckett fired a shotgun into the air. Subsequently, Mrs. Betty Puckett testified that when she and her husband were in the kitchen, defendant said "You think that beer bottle was bad I throwed through your window the other night, the next time I'm really going to tear your house up."

This testimony was not actually corroborated by other witnesses. In fact, it was refuted by defendants' mother. There was testimony from other neighbors concerning the street conversation September 13th, but it is somewhat conflicting.

At the close of the evidence, the court found defendant guilty; whereupon, this appeal was perfected. Defendant advances two assignments of error, as follows:

1. "In a criminal case of malicious destruction of property where the only evidence of the accused's guilt are the uncorroborated statements of the prosecuting witnesses that the accused admitted his guilt to them; and where the accused denies his guilt and the making of the alleged ad-

mission, it is error for the trial court to overrule a motion to dismiss the charges at the conclusion of the evidence.''

2. ''In a criminal case where the evidence is such to convince the court that the Defendant should be found not guilty, it is error for the trial court to then find the Defendant guilty based upon Defendant's body motion and facial expressions during the testimony of the prosecuting witnesses.''

The first assignment of error is not well taken. There was sufficient evidence to support the finding of the trial court. The determination of disputed facts and weight of the evidence is, of course, the trial court's province. This court cannot properly simply substitute its judgment for that of the trier of the facts.

The record indicates that a *prima facie* case was made, the standard being whether, construing the evidence more strongly in favor of the state, reasonable minds could reach different conclusions as to defendant's guilt. Applying this test, the record does not disclose that the trial court lost its way without sufficient evidence to support its judgment. (3 Ohio Jurisprudence 2d 820, Appellate Review, Section 821.) Therefore, defendant's first assignment of error is overruled.

Defendant's second assignment of error, however, is well taken. We respectfully note the trial court's statement and the response to counsel:

''The Court: I believe that the evidence has shown fairly clearly that there is a neighborhood dispute, and those are the worst kind we get around here.

''I am going to enter a finding of guilty.

''Under ordinary circumstances, with the evidence that I have heard, I would enter a finding of not guilty except that during the course of this trial and particularly during the testimony of Mr. Puckett, I notice that Mr. May was doing quite a bit of head nodding and agreement and disagreement with various things that Mr. Puckett said during the course of his testimony. And I was particularly impressed by Mr. May's nodding of the head and agreement and his facial expression at the time Mr. Puck-

ett testified as to Mr. May's statements on the evening of the 14th at the time there was a shooting of the shotgun when he—when Mr. Puckett testified that Mr. May had said that he had thrown the bottle through the window. At that time Mr. May nodded his head 'yes.'

"Mr. Heltzel: Is the Court finished?

"The Court: Yes.

"Mr. Heltzel: Do I understand the Court to say that from the evidence the Court would have to find not guilty but from the interpretation of the defendant's demeanor or his mannerism in court, the Court would find him guilty?

"The Court: What I am saying is Mr. May substantiated Mr. Puckett's testimony.

"Mr. Heltzel: Would the Court agree with me the Court must obey Mr. May's body motion and inflection, so forth, to arrive at this?

"The Court: Yes, that's right."

We recognize the endeavor of this very able trial judge to consider all relevant factors in making a decision. The trial court, however, determines the credibility of witnesses while they are being interrogated upon direct or cross-examination. This may include a consideration of their demeanor, candor or lack of it, responses, reasonability, or other tests within the common experience of mankind. The judgment of the trial court must be based upon the evidence actually adduced from the witness stand, from exhibits admitted during trial, or from any stipulations agreed upon by council. It cannot be based upon mannerisms, expressions, or actions of persons in the courtroom not testifying under oath. Therefore, defendant's second assignment of error must be sustained.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and STRAUSBAUGH, J., concur.