OPINION
Defendants-appellants Lorinda Allen and Wilbur Allen bring this appeal from the judgment of the Paulding County Court in favor of plaintiff-appellee Jerry Westrick.
On February 3, 1998, appellee filed a complaint claiming an account stated alleging that appellants owed him $10,391.04. No such account was attached to the complaint. Appellee attached signed invoices showing charges of $286.04. Additional invoices, lacking a signature, were attached with a balance of $66.17. On April 23, 1998, appellants filed their answer denying the allegations of the complaint. Appellants filed a motion for summary judgment on July 8, 1998. This motion was overruled on October 7, 1998. On October 22, 1998, the trial court permitted appellants to file a counterclaim alleging fraud, abuse of process, and malicious prosecution. An answer was filed on October 24, 1998.
On November 12, 1998, a trial was held with appellee attempting to prove an account. After hearing all the testimony, the trial court awarded judgment to appellee in the amount of $2,000.00 plus annual interest of 10%. The trial court then deducted $250.00 for the cost of the freezer and $80.00 for the babysitting services owed by appellee to appellants. Thus, the total found to be owed by appellants to appellee was $1,670.00. The trial court found that although appellee's proof was weak, the claim was not made in bad faith. The counterclaim was then dismissed.
Appellants make the following assignments of error.
 The trial court erred in overruling appellants' motion for summary judgment.
 The trial court erred in basing its finding on matters outside of the evidence.
 The trial court erred in admitting appellee's exhibit one into evidence.
 The trial court's decision to award appellee $2,000.00 and to find against appellants on their counterclaims was against the manifest weight of the evidence.
In the first assignment of error, appellants claim that the trial court should have granted them summary judgment because the charges were over $500 and there was no writing. The Statute of Frauds requires that all sales for goods greater than $500 be in writing. R.C. 1302.04. However, a contract to pay for goods is enforceable even though not signed in writing when the goods have been received and accepted by the buyer. R.C. 1302.04(C)(3). In the motion for summary judgment, appellants admitted making some of the charges and denied making others. This leaves a genuine issue of material fact for trial. Thus, the denial of the motion for summary judgment for this amount was appropriate. The first assignment of error is overruled.
The second assignment of error alleges that the trial court based its decision on material not in evidence. In support of their motion for summary judgment, appellants submitted affidavits stating that they had charged up to $2,000.00 and had paid the account in full. The motion for summary judgment was denied and the case went to trial. At trial, these affidavits were neither admitted as evidence nor were the appellants questioned about them. The trial court then went on to rule as follows:
 The Court: I have listened to the testimony and I have listened to the arguments. I have reviewed the exhibits. The problem as I see it has been pointed out pretty well by defense counsel which is that you don't have the signed tickets. And based on that you have problems of proof as to what is owed. It is the finding of this Court that the Plaintiff had judgment against the Defendant in the amount of two thousand dollars. I am taking that from the affidavit of the Defendants. * * * The counterclaim, the judgment is for the Plaintiff against the Defendant, it is the Court's finding that the Plaintiff's while their (sic) evidence of proof is weak, did not attempt or did not conduct fraud, did not conduct abuse of process, and did not conduct malicious prosecution. So on all counts the counter claim is judgment for the Plaintiff against the Defendant.
* * *
 Mr. Michel: May I address an issue to the Court. You are referring to an affidavit attached to a summary judgment motion?
The Court: Yes.
 Mr. Michel: Basing your judgment on it. I take exception to that. That hasn't been introduced into evidence. I also . . .
 The Court: That is your ability to do that uh, I have the right to determine credibility and I have the right to try to pick numbers from the evidence and the two thousand dollars is the number that I come up with and will agree with you that there may be error, and if you want to raise error it is up to you to show it, and it is up to Mr. Gordon that there isn't any or to show that I have erred in not giving them the full amount. So, when I got into this it looked like, to me, like a case that may go to the court of appeals and that is fine with me, but that is how the judgment is.
Transcript, 207-209. "The judgment of the trial court must be based upon the evidence actually adduced from the witness stand, from exhibits admitted during trial or from any stipulations agreed upon by counsel." State v. May (1974), 40 Ohio App.2d 342,345, 319 N.E.2d 405, 407. Here, the trial court stated that its judgment was based upon affidavits that were neither offered nor received in evidence at trial. Additionally, the trial court took a portion of the affidavits out of context and used those portions for the basis of its judgment. Both affidavits of appellants state as follows:
 I am a Defendant in the above entitled action. I admit certain charges were made by me and/or my spouse on our account at D J Tire, during the time period alleged in the Complaint.
 However, the total charges did not exceed Two Thousand and no/100 Dollars ($2,000.00) and have been paid in full, through cash payments, exchange of services, and/or exchange of goods.
The trial court arbitrarily decided that these affidavits admitted a debt of $2,000.00. Thus, the second assignment of error is sustained.
In the third assignment of error, appellants claim the trial court erred by admitting Plaintiff's Exhibit 1. However, the record shows that Exhibit 1 was never entered into evidence. The third assignment of error is overruled.
The fourth assignment of error argues that the trial court's judgment was against the manifest weight of the evidence. Appellants claim that the dismissal of the counterclaims was against the manifest weight of the evidence. The trial court, after reviewing all of the evidence concluded that appellants had not proven any of the charges in the counterclaim. Although there were contradictions in appellee's records, there was no evidence that these were anything more than errors. Thus, the dismissal of the counterclaim was not against the manifest weight of the evidence.
Appellants also claim that granting judgment for appellee was against the manifest weight of the evidence. In reaching its decision, the trial court found that appellee's proof was weak. There were very few documents reflecting the amounts allegedly charged. The only record appellee produced was a list compiled on his home computer showing the charges. However, this list did not correspond with the few written invoices entered into evidence. Instances of the computerized list showing charges greater than those on the corresponding invoice are in the record. Appellee could not provide an explanation for these contradictions. Additionally, both appellants testified that they did not make all of the charges on the computer printout. The only documentation of those charges would have been the invoices, which appellee admitted to destroying. Further, appellants both testified that they had never agreed that they owed the amounts stated in the computerized list and there was no evidence or proffer by appellee that appellants received and agreed to the amount claimed to be the account stated. Given this absence of proof, as indicated by the trial court, the judgment in favor of appellee on the account was against the manifest weight of the evidence as a matter of law. The fourth assignment of error is sustained.
The judgment of the Paulding County Court is affirmed in part and reversed in part. The cause is remanded to the Paulding County Court for entry of judgment for appellants and dismissing appellee's complaint.
Judgment affirmed in part
and reversed in part and
cause remanded.
HADLEY and WALTERS, JJ., concur.