OPINION
The defendant/appellant, Ms. Sharon Lacy, appeals the judgment of the Municipal Court of Napoleon, Henry County, Ohio, finding in favor of the plaintiff/appellee, Mr. Tom Naylor, on a breach of contract claim and awarding damages in the amount of $2,173.00. Based on the following, we affirm in part and reverse in part the decision of the trial court.
The following facts and procedural history are relevant to the instant appeal. On May 17, 2001, the appellee filed a complaint against the appellant. The complaint alleged that the appellant owed the appellee $1,573.00, plus interest, for the purchase of thirty-three loads of fill dirt and four loads of topsoil and for 4 hours of tractor work. Additionally, the complaint alleged that the appellant failed to pay an agreed upon amount of $600 for the purchase of antique chairs and tables from the appellee. A total of $2,173.00, plus interest, in damages were claimed. The appellant filed her answer and counterclaim on
June 14, 2001. Prior to trial, the counterclaim was dismissed without prejudice. The case proceeded to trial on December 19, 2001. Judgment was entered in favor of the appellee on December 26, 2001. The appellant now brings this timely appeal, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
"The trial court erred in finding Defendant-Appellant owed Plaintiff-Appellee for goods and services where there was no contract in writing, as required by O.R.C. § 1302.04."
For her first assignment of error, the appellant argues that the agreement between the parties violated the Statute of Frauds. Based on the following, we find the appellant's argument to be without merit.
It is axiomatic that the Statute of Frauds constitutes an affirmative defense.[1] Civ.R. 8(C) relates to affirmative defenses and states in pertinent part: "In a pleading to a preceding pleading, a party shall set forth * * * statute of frauds * * * and any other matter constituting an avoidance or affirmative defense. * * *" Based on this rule, the courts in Ohio have consistently held that the failure to plead an affirmative defense constitutes a waiver of the defense.[2] Courts have specifically found waiver of a defense where a party failed to plead the Statute of Frauds.[3]
In this case, the appellant failed to raise this affirmative defense in her answer or in any pretrial motions. The appellant presented this defense for the first time at trial. This constitutes a waiver of the statute of frauds as an affirmative defense.
Accordingly, the appellant's first assignment of error is not well taken and is hereby denied.
 ASSIGNMENT OF ERROR NO. II
"The trial court erred in awarding to the Plaintiff-Appellee more than the amount Plaintiff-Appellee claimed at trial."
The appellant's second assignment of error claims that the trial court's damage award erroneously exceeded the amount of damages that the plaintiff/appellee's testimony and exhibits showed at trial.
"The judgment of the trial court must be based upon the evidence actually adduced from the witness stand, from exhibits admitted during trial or from any stipulations agreed upon by counsel."[4] It is evident from a review of the record that neither the appellee's testimony nor his exhibits established the $2173.00 in damages that the trial court awarded in this case. Therefore, we find that the trial court erred in its calculations.
Accordingly, the appellant's second assignment of error is well taken and is hereby granted.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm in part and reverse in part the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Affirmed in part and reversed in part.
SHAW, P.J, and BRYANT, J., concur.
[1] Civ.R. 8(C).
[2] Houser v. Ohio Historical Soc. (1980), 62 Ohio St.2d 77.
[3] See Rogers v. Targot Telemarketing Services (1990),70 Ohio App.3d 689.
[4] Westrick v. Allen (June 2, 1999), Paulding App. No. 11-99-01,citing State v. May (1974), 40 Ohio App.2d 342, 345, 319 N.E.2d 405,407.