OPINION
{¶ 1} Defendant-appellant Arnold Smith appeals from his conviction for Failure to Obey the Legal Order of a Housing Inspector and Illegal Outdoor Storage. Smith contends that the evidence does not support the conviction. He further contends that he cannot be held criminally liable with regard to the property, since he conveyed the property by a land installment contract to another individual.
 {¶ 2} We conclude that there is ample evidence in the record to support the conviction. We further conclude that Smith's claim that he cannot be liable is without merit. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Arnold and Mary Smith own property known as 12 Grove Avenue located in the City of Dayton. In 2001, the Smiths conveyed the property, via a land installment contract, to Gavril Codrea.
 {¶ 4} During 2002 and 2003, the City of Dayton issued notices of various housing violations with regard to the subject property. The City also issued orders for compliance and an order to vacate the premises. The notices were served upon both the Smiths and Codrea. The Smiths filed an appeal of the notices with the Housing Appeals Board, in which they asserted their conveyance of the property to Codrea as a defense. The Board affirmed the Housing Inspector's issuance of the notices and orders. The Smiths did not file any further appeals.
 {¶ 5} Subsequently, the Smiths and Codrea were charged with two counts of Failure to Obey the Legal Order of a Housing Inspector, in violation of Revised City General Ordinance (R.C.G.O.) 93.05 and with two counts of Illegal Outdoor Storage in violation of R.C.G.O. 150.335. The matter proceeded to trial following which the trial court found the Smiths and Codrea guilty as charged. Following sentencing, Arnold Smith appeals.
 II {¶ 6} Smith's First Assignment of Error states as follows: {¶ 7} "THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT GUILTY OF SEVERAL VIOLATIONS OF THE REVISED CODE OF GOVERNMENT ORDINANCES OF THE CITY OF DAYTON RELATING TO PROPERTY MAINTENANCE FOR REAL PROPERTY FOR WHICH THE DEFENDANT WAS THE VENDOR IN A LAND CONTRACT, WHEN THE DEFENDANT HAD NO POSSESSORY INTEREST IN THE REAL ESTATE UPON WHICH THE ALLEGED VIOLATIONS OCCURRED."
 {¶ 8} Smith contends that the trial court erred by holding him "criminally liable for the property maintenance issues relating to the property." In support, he argues that at the time of the original violations the property had already been conveyed to Codrea by the land installment contract, and that he only retained title to the property as security for the payment of the contract purchase price. He analogizes his position to that of a mortgagee, rather than that of an owner of the property. Smith cites Hausman v. Dayton (1995), 73 Ohio St. 3d 671, for the proposition that he, like a mortgagee, has no ability to prevent the housing violations.
 {¶ 9} We need not address Smith's argument in this regard. Instead, we note that Dayton R.C.G.O. 93.02 defines "owner" as "[t]he owner or owners of the deed or freehold of the premises or lesser estate therein, contract buyer, a mortgagee or vendee in possession * * *." Although the reference to the owner of "the deed or freehold" of the premises is somewhat inartful, we take it to refer to the fee simple owner. We agree with the trial court's conclusion that Smith falls into the definition of owner for purposes of the Dayton Ordinances, since he is the fee simple owner of the property.
 {¶ 10} Smith did not attack the constitutionality of the ordinance; nor did he attempt to attack the ordinance, or its application to him, in any other manner. Instead, he asserted that, because he was not in possession of the property, he had no right to remedy the problems cited by the Housing Inspector. Essentially, this argument raises the claim of impossibility of performance as an affirmative defense.
 {¶ 11} A person may raise the defense of impossibility of performance or compliance; however, it is incumbent upon the party seeking to raise this defense to prove the defense by a preponderance of the evidence. Hopson v. Hopson, Franklin App. No. 04AP-1349, 2005-Ohio-6468, ¶ 20. We conclude that Smith failed to meet this burden. The record demonstrates that Codrea was in default with regard to the execution of the land contract. Under the terms of the contract, Smith had the option, and was capable, of terminating the contract, taking possession of the property, and remedying the violations.
 {¶ 12} The First Assignment of Error is overruled.
 III {¶ 13} Smith's Second Assignment of Error is as follows:
 {¶ 14} "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF SEVERAL VIOLATIONS OF THE REVISED CODE OF GOVERNMENT ORDINANCES OF THE CITY OF DAYTON RELATING TO PROPERTY MAINTENANCE FOR REAL PROPERTY UPON INSUFFICIENT EVIDENCE AND IN THE ABSENCE OF PROOF BEYOND A REASONABLE DOUBT ON EACH AND EVERY ELEMENT OF THE OFFENSE."
 {¶ 15} Smith contends that the evidence does not support his convictions, because the City failed to present sufficient evidence to support the convictions.
 {¶ 16} The standard for reviewing a claim of insufficiency is set forth in State v. Jenks (1981), 61 Ohio St.3d 259, wherein the Ohio Supreme Court held:
 {¶ 17} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 18} Upon review, we find that while Smith has provided us with portions of the trial transcript, he has failed to provide us with a complete transcript of the relevant trial court proceedings. When appealing a judgment, the appellant bears the burden of showing error by reference to the record of the trial court proceedings. App.R. 16(A)(3). It is Smith's duty to provide the reviewing court with an adequate transcript.
 {¶ 19} "Regardless of how favorable the record provided by appellant may be to his case, we cannot judge the sufficiency of the evidence without the rest of it." Graber v. Graber, Stark App. No. 2004CA00115, 2004-Ohio-6143, ¶ 45. Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 20} Smith's Second Assignment of Error is overruled.
 IV {¶ 21} Both of Smith's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J., concur.