OPINION
{¶ 1} Defendant-appellant John S. Graber appeals the March 22, 2004 Final Entry of the Stark County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee Patricia Graber a decree of divorce and dividing the parties marital and separate property.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} This action arises out of a divorce proceeding. The parties were married on March 4, 2000, and no children were born of the marriage. On August 30, 2001, appellant was indicted on charges of rape and gross sexual imposition. On December 12, 2001, appellant was convicted and sentenced to twenty years in prison.
 {¶ 3} Appellee filed for divorce on September 23, 2003. On October 16, 2003, appellant filed an answer and counterclaim alleging appellee possessed his separate property and refused to return the same. Appellant attached an affidavit itemizing the alleged separate property. On October 31, 2003, appellee answered the counterclaim denying the allegations.
 {¶ 4} On November 18, 2003, appellant responded and submitted his first set of interrogatories. Appellee failed to answer the interrogatories and appellant moved the court to compel her to answer. Appellee filed an answer to the interrogatories, admitting she possessed certain items of appellant's separate property, and admitting she sold the remaining items.
 {¶ 5} On January 30, 2004, appellant filed a motion for summary judgment. On February 18, 2004, appellee responded with a memorandum contra. On February 27, 2004, appellant filed a motion to strike appellee's memorandum contra, which the court denied on March 12, 2004.
 {¶ 6} The trial court conducted a pretrial conference on March 12, 2004. Appellant was not present and was not represented by counsel. During the pretrial, the trial court denied appellant's motion for summary judgment. The trial court then held a final hearing on March 17, 2004. Appellee appeared at the hearing represented by counsel. The trial court heard evidence presented by appellee. Again, appellant did not appear and was not represented by counsel.
 {¶ 7} On March 22, 2004, the trial court issued a final entry granting appellee a decree of divorce and addressing the division of the parties' marital and separate property. In the entry, the trial court issued findings of fact and conclusions of law.
 {¶ 8} It is from the March 22, 2004 entry appellant now appeals raising the following as assignments of error:
 {¶ 9} "I. The court erred by failing to follow the mandatory provisions of R.C. 3105.171(D) regarding dispersement of appellants' separate property.
 {¶ 10} "II. The court erred by failing to award appellant a distributive award, pursuant to R.C. 3105.171(E)(3), where appellee has engaged in financial misconduct by dissipating appellants' separate property.
 {¶ 11} "III. The court erred by failing to follow the mandatory provisions in R.C. 3105.171(C), regarding dispersement of the parties marital property."
 I, II, III {¶ 12} Upon review, appellant's three assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 13} Our standard for appellate review in this matter is manifest weight of the evidence. The trial court's judgment will not be reversed as being against the manifest weight of the evidence if the court's judgment is supported by some competent, credible evidence.
 {¶ 14} As appellant did not appear at the final hearing on March 17, 2004, he did not present any evidence at the hearing to support his arguments. As noted above, appellee appeared at the final hearing and presented evidence.
 {¶ 15} On April 28, 2004, pursuant to Appellate Rule 9, appellant filed a request for transmittal of the record with this Court. The request states:
 {¶ 16} "Appellant . . . requests . . . the following parts of the record, which will be necessary for full review of the assignments of error presented by Appellant:
 {¶ 17} "The original papers and exhibits thereto filed in the trial court and a certified copy of the docket and journal entries."
 {¶ 18} On May 5, 2004, this court denied the motion finding appellant's motion without merit.
 {¶ 19} On May 12, 2004, appellant filed a praecipe with the clerk:
 {¶ 20} "Please prepare and file the original papers and exhibits thereto filed in the Trial Court and a certified copy of the docket and journal entries, with the Court of Appeals, Fifth Appellate District.
{¶ 21} "There will not be a need for a transcript of anyproceedings as this case was decided wholly on the originalpapers and exhibits submitted to the Trial Court."
 {¶ 22} (Emphasis added.)
 {¶ 23} Appellate Rule 9(B) provides:
{¶ 24} "(B) The transcript of proceedings; duty of appellantto order; notice to appellee if partial transcript is ordered
 {¶ 25} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that afinding or conclusion is unsupported by the evidence or iscontrary to the weight of the evidence, the appellant shallinclude in the record a transcript of all evidence relevant tothe findings or conclusion.
 {¶ 26} "Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with theclerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals." (Emphasis added.)
 {¶ 27} As set forth in his praecipe to the Clerk, appellant chose to rely on his interrogatories and affidavits submitted to the trial court prior to the hearing, and makes the unsubstantiated representation the trial court did not consider additional evidence in rendering its decision. As noted above, the trial court considered additional evidence at the final hearing on March 17, 2004.
 {¶ 28} Appellant chose to transmit only the docket and journal entries of the trial court, and did not include a full transcript of the final hearing. Appellant argues he included those portions of the record necessary to sustain his arguments. He asserts appellant's affidavits and answers to interrogatories were made a part of the record prior to the hearing, and these portions of the record, along with the pleadings and motions previously filed, support his arguments. We note appellant did not indicate with his notice of appeal a description of the parts of the transcript appellant intended to include in the record nor a statement no transcript is necessary. Instead, appellant indicated on the docketing statement an App. R. 9(C) statement would be provided. It was not. While appellant did set forth his probable issue for review, he did not set forth a statement of the assignment of errors he intended to present on appeal. Appellant's subsequent filings on April 28, 2004, and May 12, 2004, do not serve to rectify these omissions.
 {¶ 29} Civil Rule 33 states:
{¶ 30} "(B) Scope and use at trial
 {¶ 31} "Interrogatories may relate to any matters that can be inquired into under Civ. R. 26(B), and the answers may be used to the extent permitted by the rules of evidence.
 {¶ 32} "The party calling for such examination shall not thereby be concluded but may rebut it by evidence.
 {¶ 33} "An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion, contention, or legal conclusion, but the court may order that such an interrogatory be answered at a later time, or after designated discovery has been completed, or at a pretrial conference."
 {¶ 34} The fact an interrogatory has been answered and filed does not mean it is automatically admitted into evidence at trial. The proponent must proffer or otherwise seek its admission at trial. Its value as evidence is not self-executing merely because it has been filed in the trial court record.
 {¶ 35} Furthermore, Civil Rule 33 allows for the introduction of additional evidence in rebuttal to a previously answered interrogatory. A trial court is not bound to accept as true, if it is not, a party's answer to an interrogatory submitted and introduced into evidence pursuant to Civ R 33, and may permit a party to offer evidence at trial to rebut his original allegedly incorrect response to an interrogatory. Normali v. ClevelandAss'n of Life Underwriters (1974), 39 Ohio App.2d 25.
 {¶ 36} Appellant cannot argue the case was decided wholly on the original papers and exhibits submitted to the trial court, as the trial court considered additional evidence at the hearing. Appellant's assertion the trial court did not properly consider the additional evidence does not make it so.
 {¶ 37} The duty to provide a transcript for appellate review falls upon the appellant as he bears the burden of showing error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. As stated above, App.R. 9(B) provides, in part, that "* * * the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." Further, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 38} The Eighth District Court of Appeals addressed this identical issue in Singh v. New York Frozen Foods, holding:
 {¶ 39} "The question then is whether what is in the record provides a basis to address plaintiff's assigned errors. The appellate court needs all relevant portions of the transcript which present the necessary evidence in order to review the trial court's judgment regarding its ruling on motions.
 {¶ 40} "If a party can demonstrate the error complained of by the use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for him to provide an appellate court with a transcript of proceedings, a narrative statement, or an agreed statement as provided for in Appellate Rules 9(B), 9(C) and 9(D). However, if an appellant intends to urge on appeal that a finding or conclusion isunsupported by the evidence, is contrary to the weight of the evidence, that there was error in the trial court's charge to the jury, or some other similar issue, it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D).Conway, supra, pp. 236-237, 356 N.E.2d 762.
 {¶ 41} "It follows from App. R. 9(B) and 10(A) and Section (1) of Rule IV of the Supreme Court Rules of Practice that:
 {¶ 42} "Where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218,400 N.E.2d 384. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee. Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17,21, 520 N.E.2d 564.
 {¶ 43} "Without the entire record, "[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. * * * When the alleged error is that the trial court judgment was * * * unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. * * * An appellant may not attempt to shift the burden onto the appellee by filing only portions of the trial record and claiming an insufficiency of evidence on some issue. Id." Hartt v. Munobe
(1993), 67 Ohio St.3d 3, 10, 615 N.E.2d 617, citations omitted.
* * *
 {¶ 44} "We have nothing to show us what else transpired at trial. Regardless of how favorable the information contained in the two depositions is to Singh's case, we cannot judge the sufficiency of the evidence without the rest of it. For all we know, the rest of the transcript could contain evidence which totally redefines or retracts what was provided to this court. Indeed, even more fundamentally, we have no evidence these depositions were ever before the trial court. Because Singh failed to provide the appellate court with the complete transcript of the trial, we must defer to the judgment of the trial court. (March 18, 2004) Cuyahoga App. Nos. 82284, 82775.
 {¶ 45} We disagree with appellant's assertion no transcript of the proceedings is necessary, and will not permit appellant to improperly shift the burden to appellee of providing this Court with the necessary transcript to prosecute his appeal. Regardless of how favorable the record provided by appellant may be to his case, we cannot judge the sufficiency of the evidence without the rest of it. It is impossible for us to know whether the rest of the transcript contains evidence which totally redefines or retracts what was provided to this court. More fundamentally, we have no evidence the interrogatories or affidavits were ever presented during the trial. An affidavit is not subject to cross-examination and, standing alone, is inadmissible at trial as substantive evidence. As with an interrogatory, the fact an affidavit has been filed in the record does not mean it is admitted at trial. With the record composed as it is, we must presume the regularity of the proceedings and the validity of the judgment below.
 {¶ 46} Appellant's assignments of error are without merit.
 {¶ 47} The March 22, 2004 Final Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 22, 2004 Final Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.