MIDSTATE EDUCATORS CREDIT UNION, INC., Appellant,

v.

WERNER, Appellee.

[Cite as *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–301.

Decided Feb. 19, 2008.

290

Jeffrey B. Sams, for appellant.

David B. Tyack, for appellee.

McGRATH, Presiding Judge.

{¶ 1} Plaintiff-appellant, Midstate Educators Credit Union, Inc., appeals from the judgment of the Franklin County Municipal Court rendered in favor of defendant-appellee, Lisa S. Werner.

{¶ 2} On March 9, 2004, appellant and appellee and Michael Werner[1] entered into a promissory note in the principal amount of $20,050 with a payment schedule of $368.10 per month for 66 months. In May 2004, appellee filed for dissolution of marriage. Appellee remained in the marital home at 2521 Stegner Road, and Mr. Werner moved to 1353 Hackworth Street. When payments on the promissory note ceased, the note went into default, and, pursuant to its terms, appellant accelerated the balance due on the note. Appellant repossessed the collateral that secured the debt, a 2000 Dodge Durango. The collateral was liquidated and after applying the proceeds from the repossession sale, a balance of $14,120.06 plus interest at the rate of seven percent from April 30, 2006, remained.

{¶ 3} Appellant filed a complaint on May 25, 2006, against both appellee and Mr. Werner. Though service was perfected, Mr. Werner failed to file an answer and appellant obtained a default judgment against him. Appellee filed an answer and cross-claim against her co-defendant, Mr. Werner. Appellee's answer admitted that she entered into the promissory note with appellant and agreed to repay the amount set forth in the payment schedule. The remainder of appellee's answer asserted that she lacked sufficient information to admit the remaining allegations. The answer contained no affirmative defenses. Appellee's cross-claim asserted that as part of the property settlement in their divorce decree, Mr. Werner was ordered to assume, pay, and hold harmless appellee on the obligation forming the basis of appellant's complaint.

{¶ 4} On December 15, 2006, appellee filed a three-page motion for summary judgment contending that (1) she signed documents to have her "removed from responsibility under this loan" and (2) she did not receive notice in compliance with "the notice requirements associated with repossessions notes." However, appellee did not set forth any law, either statutory or precedent, in support of her position. In response, appellant filed a combined memorandum in opposition to appellee's motion for summary judgment and cross-motion for summary judgment. Appellant argued that appellee's assertions that appellant released her from her obligation and failed to send proper notice were affirmative defenses that were not asserted in her answer, and as such had been waived. According to appellant, pursuant to R.C. 1309.626, it was not required to prove compliance with R.C. 1309.601 et seq. unless the debtor had placed compliance at issue. Because the alleged noncompliance with notice was an affirmative defense that was waived, compliance with the requisite statutory provisions was not at issue, and appellant was not required to prove the same. In conclusion, appellant contended that its motion for summary judgment and accompanying materials

---

1. In March 2004, appellee and Mr. Werner were married but have since divorced.

clearly demonstrated there were no genuine issues of material fact and that it was entitled to judgment as a matter of law against appellee.

{¶ 5} The trial court denied both motions for summary judgment on January 12, 2007. With respect to waiver of affirmative defenses, the trial court discussed only release, stating, "[P]laintiff argues that this release of obligation due to the Divorce Decree is an affirmative defense and is waived because Defendant failed to raise this in her answer. The Court, upon reviewing Defendant's answer notes that she did make mention of the Decree of Divorce and therefore finds that her Motion for Summary Judgment is not the first time she is raising the issue and this defense is not waived." However, the release mentioned as a basis for summary judgment in appellee's motion does not appear to be based on the divorce decree but rather is based on alleged documents signed at appellant's institution that specifically released appellee from liability—an issue clearly not mentioned in her answer. The trial court went on to state that "[b]ecause there are also genuine issues of material fact as to 'notice' and compliance with R.C. 1309.102(A)(74) as to what address is 'reasonable under the circumstances' as well as the issues identified above, the Court overrules Plaintiff's Motion for Summary Judgment." The court then indicated that the matter would proceed to trial on February 20, 2007. The trial court's entry, however, does not address appellant's argument regarding waiver of the affirmative defense of notice.

{¶ 6} Approximately a week later, on January 18, 2007, appellee sought leave to amend her answer and include the affirmative defense of lack of notice. In her motion to amend, appellee stated that the defense was not asserted in her original answer because the "information was unknown" to her at the time she filed the original answer. By judgment entry filed the same day as appellee's motion, the trial court granted appellee's motion to amend her answer. The matter proceeded to a bench trial on February 22, 2007. On March 13, 2007, the trial court filed an entry granting judgment in favor of appellee and against appellant. Specifically, the trial court found that appellant failed to prove that the disposition of the collateral was in compliance or conducted in accordance with R.C. 1309.601 to 1309.628 and failed to send requisite notice to appellee. In addition, the trial court granted judgment on appellee's cross-claim in favor of appellee and against Mr. Werner.

{¶ 7} This appeal followed, and on appeal, appellant brings three assignments of error for our review:

I. The trial court committed reversible error by denying appellant's cross-motion for summary judgment, filed January 2, 2007, since there were no genuine issues of material fact and appellant was entitled to judgment as a matter of law.

II.    The trial court's determination at trial that appellant failed to send proper notices to appellee, Lisa Werner, is contrary to law and against the manifest weight of the evidence presented at trial.

III.    The trial court committed reversible error by determining that appellant was not entitled to a deficiency judgment against appellee Lisa Werner pursuant to Revised Code § 1309.626.

{¶ 8} As indicated, the trial court granted judgment in favor of appellee on her cross-claim against Mr. Werner.   Because no error is raised regarding this determination, we will neither review nor disturb that portion of the trial court's entry.

{¶ 9} In its first assignment of error, appellant asserts that the trial court erred in denying its cross-motion for summary judgment.   Appellant contends that the affirmative defenses relied upon by appellee in her motion for summary judgment were not asserted in her answer and were therefore waived and could not be raised for the first time in a motion for summary judgment.   Appellant further contends that its evidence in support of summary judgment clearly established that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law.   Hence, it is appellant's position that the trial court was correct in denying appellee's motion for summary judgment but that the trial court should have granted summary judgment in favor of appellant.

{¶ 10} There are two doctrines that are pertinent to the factual scenario before us.   One, set forth in *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, is that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made."   Id. at syllabus.

{¶ 11} At first glance, it would appear that appellant's first assignment of error, or at least a portion of it, would fit squarely within *Continental*'s holding. However, it is equally well established that Ohio law prohibits a defendant from asserting an affirmative defense for the first time in a motion for summary judgment.   See *Ohio Hosp. Assn. v. Ohio Bur. of Workers' Comp.*, Franklin App. No. 06AP–471, 2007-Ohio-1499, 2007 WL 949468 (where the defendant asserted the affirmative defense of laches in its memorandum in opposition to a motion for permanent injunction but failed to assert the defense in its answer, the defense was not properly before the trial court and was waived); *Baraby v. Swords*, 166 Ohio App.3d 527, 2006-Ohio-1993, 851 N.E.2d 559 (an affirmative defense not raised in a responsive pleading, but instead raised for the first time in a motion for summary judgment, was waived, and the trial court erred in considering it

and granting judgment on that basis); *Eulrich v. Weaver Bros., Inc.,* 165 Ohio App.3d 313, 2005-Ohio-5891, 846 N.E.2d 542 (holding that Ohio law prohibits a defendant from raising an affirmative defense for the first time in a motion for summary judgment; therefore, summary judgment granted in favor of the defendant on that basis was reversed and the matter was remanded); *Simon v. Encompass Ins. Co.,* Cuyahoga App. No. 86143, 2005-Ohio-5727, 2005 WL 2811890 (policy exclusions and affirmative defenses not raised in its answer but instead raised for the first time in a motion for summary judgment, were waived, and therefore summary judgment for the defendant should have been denied and summary judgment for plaintiff should have been granted).

{¶ 12} It is undisputed that appellee did not assert any affirmative defenses in her original answer and that these were raised for the first time in her motion for summary judgment. Thus, the proper action of the trial court would have been to deny appellee's motion for summary judgment, which it did, albeit for different reasons. Since the notice issue was waived at the time the motions for summary judgment were filed, appellant asserts that it was entitled to summary judgment because it was not required to prove compliance with the statutory notice provisions. However, even if the trial court erred in denying appellant's motion for summary judgment, under *Continental,* that error is rendered moot or harmless because a subsequent trial held on the issues raised in the motion for summary judgment demonstrated that there were genuine issues of material fact supporting a judgment in favor of appellee. This is so because after the trial court denied both motions for summary judgment, it permitted appellee to amend her answer to assert the affirmative defenses.

{¶ 13} Moreover, as held by the First Appellate District in *Whisman v. Gator Invest. Properties, Inc.* (2002), 149 Ohio App.3d 225, 776 N.E.2d 1126, although the trial court improperly granted summary judgment to the defendant based on affirmative defenses not raised in the answer but instead raised for the first time in a motion for summary judgment, such a judgment "should not be construed to preclude [the defendants] from amending their answers to include [an affirmative defense] before trial if the trial court so allows." Id. at ¶ 20. Thus, the issue before us becomes whether the trial court abused its discretion in permitting appellee to amend her answer.

{¶ 14} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such a leave "shall be freely given when justice so requires." The decision of whether to grant a motion for leave to amend a pleading is within the sound discretion of the trial court. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 121–122, 573 N.E.2d 622. Motions to amend a pleading under Civ.R. 15(A), however, should be refused if there is a showing of bad faith, undue delay, or under prejudice to the opposing party.

*Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 12 OBR 1, 465 N.E.2d 377, paragraph two of the syllabus.

{¶ 15} The Supreme Court of Ohio was faced with a similar scenario in *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 706 N.E.2d 1261. In *Turner*, one of the defendant's school bus drivers was 30 minutes early in her return route when she dropped off nine-year-old Andrew at his house. The driver was early because two other children were absent, which allowed her to alter her normal bus route and arrive early at Andrew's residence. Though she was concerned about whether or not to keep Andrew on the bus, he assured the bus driver that he had a key. The bus driver allowed Andrew to exit the bus. Apparently, Andrew did not have a key and attempted to gain entry through his bedroom window. The window closed on his back, pinning him between the window and sill. Approximately 20 minutes later, Andrew's father found Andrew unconscious and trapped in the window. Andrew was rushed to the hospital but never regained consciousness and died five days later.

{¶ 16} On May 19, 1993, a complaint alleging negligence was filed. On October 3, 1994, the defendant filed a motion for summary judgment on the sole ground that the child's death was not foreseeable. The trial court granted summary judgment in favor of the defendant, but that decision was reversed on appeal after the appellate court determined that issues of fact remained and precluded summary judgment. Once the case was back in the trial court, a trial date was set for August 12, 1996. The defendant sought leave to amend its answer on March 19, 1996, to assert an affirmative defense of statutory immunity. The trial court granted the motion for leave to amend on the same day the motion was filed.

{¶ 17} Thereafter, in July 1996, defendant sought and was granted leave to file a motion for summary judgment on the basis of statutory immunity. Nine months later, the trial court granted summary judgment in favor of the defendant. On appeal, the appellate court recognized that the immunity defense eliminated many of the plaintiff's arguments, but found that an issue of fact remained as to whether or not the bus driver left the child in a place of safety as required by R.C. 4511.75(E). Consequently, the appellate court reversed the judgment and remanded the matter back to the trial court. The Supreme Court of Ohio accepted review. The court reiterated that if an affirmative defense is not raised in a timely fashion, it is waived. *Turner*, 85 Ohio St.3d at 97, 706 N.E.2d 1261, citing *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 594, 629 N.E.2d 446; Civ.R. 8(C); Civ.R. 12(H). Though the answer was amended to include the affirmative defense, the court found that "the trial court abused its discretion in allowing this prejudicial and untimely filing." Id. at 99, 706 N.E.2d 1261. The court was troubled that the motion to amend the answer was filed

after the trial date was set and was further troubled by the fact that the motion did not give a rationale for the failure to properly assert the affirmative defense in the original answer or at any time after the complaint was filed. The court stated, "[I]n the absence of any explanation, we find that [the defendant] should have attempted to amend its answer to include the immunity defense prior to its initial motion for summary judgment, rather than in piecemeal motions which served no purpose but to delay the trial of this matter." Id. Because it was an abuse of discretion to grant the motion to amend, the court found that the defendant waived the statutory-immunity defense and further held that R.C. Chapter 2744 had no application in the case.

{¶ 18} However, the *Turner* court noted not only the failure of the defendant to assert the defense but also its "failure to argue this issue in its first motion for summary judgment." Id. at 98, 706 N.E.2d 1261. In finding that the trial court abused its discretion in allowing the defendant to amend their answer, the court noted that the motion to amend was filed two years and ten months after litigation had commenced, after the defendant lost on its first motion for summary judgment, after the plaintiffs spent time, resources, and money to oppose the first motion for summary judgment, which was appealed all the way to the Supreme Court of Ohio, and after discovery was complete and all experts were in place for trial. Further, because the motion to amend gave no reason for the delay in asserting the defense, the court found that the plaintiffs were forced through the appellate system on two separate occasions, when, if the defendant had timely asserted its affirmative defense, litigation would have terminated with the first motion for summary judgment, or at the very least, the issues for resolution would have been narrowed.

{¶ 19} Here, even though filed after its motion for summary judgment, the motion to amend was filed only eight months after the litigation began. The motion for summary judgment first raising the issue of notice was filed only five months after appellee filed her answer and seven months after litigation began. Further, there is no allegation of prejudice resulting from the amendment, as the issue was able to be freely litigated before the court. The trial court allowed appellee to amend her answer, and under the factual scenario presented here, we find no abuse of discretion in such an allowance. Accordingly, we overrule appellant's first assignment of error.

{¶ 20} In its second assignment of error, appellant contends that the trial court's determination that appellant failed to send proper notices to appellee was contrary to law and against the manifest weight of the evidence. Though appellant suggests that our standard of review in this instance is de novo, that is not the case. Instead, civil judgments that are "supported by some competent, credible evidence going to all the essential elements of the case will not be

reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273; see also *Myers v. Garson* (1993), 66 Ohio St.3d 610, 616, 614 N.E.2d 742 (reaffirming the reasoning of *Seasons Coal* and "hold[ing] that an appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court"). Cf. *Zenfa Labs, Inc. v. Big Lots Stores, Inc.*, Franklin App. No. 05AP–343, 2006-Ohio-2069, 2006 WL 1102810, at ¶ 54, (discussing sufficiency-of-the-evidence standard in civil cases).

{¶ 21} When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct. *Seasons Coal Co.*, 10 Ohio St.3d at 79–80, 10 OBR 408, 461 N.E.2d 1273. The *Seasons Coal* court explained:

> The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578]: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See also *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 172[, 6 OBR 227, 451 N.E.2d 1203]; *In re Sekulich* (1981), 65 Ohio St.2d 13, 16 [19 O.O.3d 192, 417 N.E.2d 1014].

Id. at 80, 10 OBR 408, 461 N.E.2d 1273; see also *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus (holding that on the trial of a civil or criminal case, a determination of the weight of the evidence and the credibility of witnesses is primarily for the trier of facts).

{¶ 22} According to appellant, the only competent, credible evidence before the trial court was that appellant sent proper notice to appellee in accordance with the requisite statutory provisions. R.C. 1309.611 provides:

(B) Except as provided in division (D) of this section, a secured party who disposes of collateral under section 1309.610 of the Revised Code shall send a reasonable authenticated notification of disposition to the persons specified in division (C) of this section.

(C) To comply with division (B) of this section, the secured party shall send an authenticated notification of disposition to:

(1) The debtor;

(2) Any secondary obligor; * * *.

{¶ 23} R.C. 1309.616 provides:

(B) In a consumer-goods transaction in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency under section 1309.615 of the Revised Code, the secured party shall:

(1) Send an explanation to the debtor or consumer obligor, as applicable, after the disposition * * *.

{¶ 24} As defined in R.C. 1309.102(A)(74):

"Send," in connection with a record or notification, means:

(a) To deposit in the mail, deliver for transmission, or transmit by any other usual means of communication, with postage or cost of transmission provided for, addressed to any address reasonable under the circumstances; or

(b) To cause the record or notification to be received within the time that it would have been received if properly sent under division (A)(74)(a) of this section.

{¶ 25} Appellee testified that she did not receive any notice from appellant about either the sale or the remaining deficiency, and it is conceded that the only notices sent were those sent to the Hackworth address of Mr. Werner. The trial court found that appellant sent notice of the plan to sell the property to Mr. Werner at his address on Hackworth Street. The notice stated:

We are sending this notice to the following people who have an interest in the collateral or who owe money under your agreement:

None

{¶ 26} Cheryl Schmitt, a collector with appellant, testified that "none" was a factual mistake because appellee was a joint borrower/co-borrower of the loan. Though the notice refers to no other borrower and indicates on the heading the notice is to "Michael H. Werner" at the Hackworth address, Ms. Schmitt testified that the outer original envelope was addressed to both appellee and Mr. Werner. Similarly, though the notice of deficiency indicates in its heading that it is to "Michael H. Werner" at the Hackworth address, Ms. Schmitt testified this outer original envelope was also addressed to both appellee and Mr. Werner. Other

than Ms. Schmitt's testimony, however, there is no evidence that any of the notices were addressed to appellee at either the Stegner Road or the Hackworth Street address. Appellant vehemently argues that it was reasonable to send the notices to appellee at the Hackworth address because it received a change of address on the account but did not have information regarding the separation of the parties and the fact that appellee was still residing at the Stegner Road location. However, we find that we need not reach the issue of whether it was reasonable to send notice to appellee at the Hackworth address because it appears that the trial court did not find credible Ms. Schmitt's testimony that the notices were sent to appellee at that address. The trial court appears to have completely disregarded the testimony that the outer envelopes were addressed to both appellee and Mr. Werner.

{¶ 27} The trial court is in the best position to assess the credibility of the witnesses. There is a presumption that its findings as trier of fact are correct. *Seasons Coal Co.* The trial court, as trier of fact, was free to believe all, part, or none of the testimony regarding the outer envelope of the notices, and the trial court could assign much, little, or no weight to that testimony. *Barker v. Century Ins. Group,* Franklin App. No. 06AP–377, 2007-Ohio-2729, 2007 WL 1600510, ¶ 16, citing *In re D.F.,* Franklin App. No. 06AP–1052, 2007-Ohio-617, 2007 WL 454638, quoting *Maxton Motors, Inc. v. Schindler* (Dec. 26, 1984), Defiance App. No. 4–83–23, 1984 WL 8137.

{¶ 28} It is undisputed that notice was not sent to appellee at the Stegner Road address. The only evidence that notice was sent to appellee at the Hackworth address is the testimony of Ms. Schmitt. However, the bodies of both letters indicate that they are addressed to Michael H. Werner only at the Hackworth address, and one admittedly contains a factual error that there is no other co-obligor entitled to notice on the property sale. Faced with conflicting evidence, it is up to the trier of fact to resolve discrepancies in the evidence. The trial court found that *no* notice was sent to appellee; inherent in this finding is that the trial court did not find Ms. Schmitt's testimony to be credible. Without Ms. Schmitt's testimony, there is no evidence whatsoever that notice of either the sale or the deficiency was sent to appellee. Given the deference to be accorded to the fact-finder when making credibility determinations, we cannot find that the trial court erred in its conclusion.

{¶ 29} After reviewing the evidence, we find that the record contains some competent, credible evidence to support the trial court's conclusion. Thus, we cannot conclude that the trial court's conclusion is against the manifest weight of the evidence. Accordingly, we overrule appellant's second assignment of error.

{¶ 30} In its third assignment of error, appellant contends that the trial court committed reversible error in determining that appellant was not entitled to

a deficiency judgment against appellee pursuant to R.C. 1309.626. According to appellant, even if the notices were not sent to appellee, appellant was still entitled to a deficiency judgment pursuant to R.C. 1309.626, because there was no evidence before the court to demonstrate that any greater price could have been achieved at auction had notice been sent to appellee, and appellee failed to submit any evidence at trial regarding what action, if any, she may have taken had notice been sent to her, or how the sale price would have been different.

{¶ 31} R.C. 1309.626 provides:

(C) Except as provided in section 1309.628 of the Revised Code, if a secured party fails to prove that the collection, enforcement, disposition, or acceptance was conducted in accordance with sections 1309.601 to 1309.628 of the Revised Code relating to collection, enforcement, disposition, or acceptance, the liability of a debtor or a secondary obligor for a deficiency is limited to an amount by which the sum of the secured obligation, expenses, and attorney's fees exceeds the greater of:

(1) The proceeds of the collection, enforcement, disposition, or acceptance; or

(2) The amount of proceeds that would have been realized had the noncomplying secured party proceeded in accordance with sections 1309.601 to 1309.628 of the Revised Code relating to collection, enforcement, disposition, or acceptance.

(D) For purposes of division (C)(2) of this section, the amount of proceeds that would have been realized is equal to the sum of the secured obligation, expenses, and attorney's fees unless the secured party proves that the amount is less than that sum.

{¶ 32} The trial court found that "the amount of the proceeds that would have been realized is equal to the deficiency; therefore, [appellee's] deficiency is eliminated." Appellant suggests that the trial court's conclusion that because appellant did not send notice to appellee, appellant is completely barred from seeking a deficiency judgment, is contrary to current Ohio law. We agree.

{¶ 33} Prior to the General Assembly's amendment of R.C. Chapter 1309 in 1992, courts generally held that the failure of a secured party to comply with the provisions of R.C. Chapter 1309 completely defeated the right of the secured party to a deficiency judgment. See *In re Gatson* (April 21, 2006), N.D.Ohio No. 04-22668, 2006 WL 4458362, citing *Kruse v. Voyager Ins. Co.* (1995), 72 Ohio St.3d 192, 648 N.E.2d 814. Pursuant to R.C. 1309.626, if after the debtor or secondary obligor places the secured party's compliance with the provisions of R.C. 1309.601 et seq. in question, and the secured party fails to prove that it complied, there is a presumption that the secured party is not entitled to a deficiency judgment. The secured party then has the burden of proving that a deficiency would still exist even if it had complied with the statute, and to the

extent it can do so, it is entitled to a deficiency. Thus, the court must determine whether the amount of the proceeds that would have been realized had the secured party complied with R.C. 1309.601 et seq. is less than the secured obligation. *Gatson.* If it is, then the secured party is still entitled to a deficiency judgment.

{¶ 34} In the case sub judice, the secured obligation prior to the sale was $19,944.06. The amount of the sale was $3,799, resulting in a deficiency of $14,120.06 plus interest. Because appellant was unable to prove compliance with the requisite provisions of R.C. Chapter 1309, the deficiency judgment would be limited to either (a) $19,944.06 less $3,799 or (b) $19,944.06 less what the amount would have been had there been compliance. It is presumed by statute that the amount that would have been obtained had there been compliance is $19,944.06, resulting in a deficiency of zero. If, however, appellant was able to show that even if it complied with the statutory notice provisions, the amount recovered still would have been less than the $19,944.06, it is entitled to a deficiency judgment of the difference between $19,944.06 and whatever amount is greater, $3,799, or what would have been recovered that is still less than $19,944.06.

{¶ 35} Here, it was established at trial that even if appellant sent requisite notice of the sale and deficiency explanation that the amount that would have been recovered is the same as that actual proceeds recovered. Though appellee stated in her affidavit in support of her motion for summary judgment that she needed a vehicle and would have taken over payments had she known about the default, none of this testimony was adduced at trial. " 'The judgment of the trial court must be based upon the evidence actually adduced from the witness stand, from exhibits admitted during trial or from any stipulations agreed upon by counsel.' " *Westrick v. Allen* (June 2, 1999), Paulding App. No. 11–99–01, 1999 WL 378361, quoting *State v. May* (1974), 40 Ohio App.2d 342, 345, 69 O.O.2d 310, 319 N.E.2d 405. An affidavit is not subject to cross-examination and, standing alone, is inadmissible at trial. "[T]he fact an affidavit has been filed in the record does not mean it is admitted at trial." *Graber v. Graber,* Stark App. No. 2004CA00115, 2004-Ohio-6143, 2004 WL 2616426. At trial, appellee's affidavit was neither offered nor admitted as evidence, nor was she questioned about it. To the contrary, appellant established that the amount of the proceeds that would have been realized had proper notice been sent was the same as the amount actually received. The evidence established that the vehicle was sold at a public auction and that the auction house obtained the highest price possible for the collateral at auction at that time. Thus, even if notice had been sent to appellee, appellant's evidence establishes the amount realized at the public auction would have been unchanged, and therefore, still been less than the $19,944.06 obligation,

and appellee and Mr. Werner would still be liable for the same deficiency. No evidence was submitted at trial to refute this.

{¶ 36} Therefore, the only evidence before the trial court at the conclusion of the trial is that the proceeds amount that would have been realized had appellant sent notice is the same as the amount actually realized, which is less than the secured obligation. Therefore, the trial court erred in its analysis of R.C. 1309.626 because here appellant did rebut the presumption that the amount realized is the same as the secured obligation. Therefore, appellant is entitled to a deficiency judgment. Accordingly, we sustain appellant's third assignment of error.

{¶ 37} For the foregoing reasons, we overrule appellant's first and second assignments of error and sustain appellant's third assignment of error. The judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law and this opinion.

Judgment reversed
and cause remanded.

BRYANT and PETREE, JJ., concur.