JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff Duvallon Parker appeals from the order of the trial court that determined that Parker failed to establish his claim for unpaid commissions from defendant Tim Lally Chevrolet. For the reasons set forth below, we affirm.
 {¶ 2} On August 8, 2007, plaintiff filed this action against Tim Lally Chevrolet in Small Claims Court seeking recovery of allegedly unpaid commissions. Plaintiff claimed that he worked at the dealership from June 1, 2005 to August 8, 2005, and was not paid for commissions totaling $1,780. The dealership denied liability and the matter proceeded to trial before a magistrate on October 5, 2007.
 {¶ 3} For his evidence, plaintiff indicated that he was owed a total of $75 for unpaid spot delivery commissions to three customers. He further claimed that he was owed $1000 from the sale of a Chevrolet Malibu to customer Naticchia, [1] $100 from the sale of a Tahoe to customer Ciofania, and $550 from the sale of a Ford Explorer to customer Wither.
 {¶ 4} The dealership's evidence indicated that plaintiff was sent home for just cause on August 6, 2005, and was formally terminated on August 8, 2005. According to the dealership, commissions are considered earned when the vehicle is delivered. Tim Lally's general manager Roy Jones asserted that any vehicles that were delivered following plaintiff's termination would not be credited toward his commissions, but Jones insisted would be credited to the employee who actually *Page 4 
completed delivery. In this connection, Jones maintained that plaintiff was properly credited for the Naticchia commission but this commission is not listed on plaintiff's pay stub. Jones maintained that deliveries in the Ciofania sale and Wither sale were both completed after plaintiff was terminated, so no commission is considered earned in these matters.
 {¶ 5} Jones indicated with regard to the $75 for spot delivery commissions to three customers, that these sums were identified as SPIFFS on his pay stub, but Jones indicated that plaintiff's draw was greater than his earned commissions for both June and August. Jones also noted that $50 from the Naticchia sale was credited to plaintiff, and he admitted that this sum should have been $100, but he insisted that this was a "no profit" sale. Jones also maintained that the draw was not met for that month.
 {¶ 6} The magistrate noted that the dealership did not pay plaintiff a total of $275 in earned commissions, including $50 from the Naticchia sale, and $175 from the Wither sale. The magistrate further determined, however, that plaintiff's draws exceeded his commissions so that the dealership did not actually owe this money. The trial court adopted the magistrate's findings and plaintiff now appeals and assigns eight errors for our review.
 {¶ 7} For his first assignment of error, plaintiff complains that the trial court erred in refusing him use of affidavits in lieu of witness testimony.
 {¶ 8} An affidavit is not subject to cross-examination and, standing alone, is inadmissible at trial. Midstate Educators Credit Union, Inc.v. Werner, *Page 5 175 Ohio App.3d 288, 2008-Ohio-641, 886 N.E.2d 893, "[T]he fact an affidavit has been filed in the record does not mean it is admitted at trial."Graber v. Graber, Stark App. No. 2004CA00115, 2004-Ohio-6143.
 {¶ 9} This claim is therefore without merit.
 {¶ 10} For his second assignment of error, plaintiff asserts that his pay stubs do not confirm that he received any payment for the Naticchia sale, so the trial court erred in accepting the defense claim that plaintiff received credit for this sale.
 {¶ 11} On appellate review, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 12} After reviewing the record, we agree with the trial court's determination that there is a discrepancy of $275 in commissions that were not credited to plaintiff. Nonetheless, the undisputed evidence of record indicates that plaintiff's monthly draw against commissions exceeded his commissions for June and August 2005. Accordingly, we find that there is competent and credible evidence supporting the judgment and we cannot say that the discrepancies are sufficient to overturn the verdict rendered below.
 {¶ 13} For his third assignment of error, plaintiff asserts that the trial court erred in accepting the dealership's claim that his monthly draw against commissions was $1,300. Plaintiff asserts that the true amount is $1,600. *Page 6 
 {¶ 14} Because the lower amount works in plaintiff's favor for determining when commissions would begin to accrue, we find no prejudicial error.
 {¶ 15} In his sixth assignment of error, plaintiff asserts that he had a guaranteed draw against commissions of $1,600 for June 2005, pursuant to which any shortfalls in commissions would be forgiven.
 {¶ 16} This claim is not supported by the evidence of record. Jones testified that the shortfalls against the draw were calculated and noted. We cannot say that the trial court erred in failing to conclude that plaintiff was to have a guaranteed draw and shortfalls in commissions would not be considered.
 {¶ 17} For his fourth assignment of error, plaintiff maintains that the trial court erred in accepting his claim as to the calculation of commissions and determination as to when commissions would accrue, without supporting mathematical calculations.
 {¶ 18} We note that Roy Jones testified that the commissions would not accrue after the vehicle is delivered. In addition, the magistrate ascertained from plaintiff the amounts due on each transaction. Accordingly, we find that there is competent and credible evidence supporting the judgment and we cannot say that the lack of additional detail creates a basis for overturning the verdict rendered below.
 {¶ 19} For his fifth assignment of error, plaintiff contends that the trial court erred in condoning "gambling" at the dealership as a means of determining the amounts of some of the commissions. *Page 7 
 {¶ 20} In this matter, the record demonstrates that the dealership offered a promotion whereby a salesperson could enhance his commission based upon a dice roll. Given this record, and the civil collection nature of the proceedings below, we cannot say that the promotion constitutes illegal gambling. In any event, we note that this claim was not raised below and must fail for that reason. State ex rel. Gutierrezv. Trumbull Cty. Bd. of Elections (1992), 65 Ohio St.3d 175, 177,602 N.E.2d 622.
 {¶ 21} For his seventh assignment of error, plaintiff complains that the trial court erred in excluding his evidence of a tape recorded conversation he had with officials at the dealership. Plaintiff claims that his evidence would have demonstrated management was biased in its dealings with him.
 {¶ 22} "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Jacks (1989),63 Ohio App.3d 200, 207, 578 N.E.2d 512. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v.Jenkins (1984), 15 Ohio St.3d 164, 473 N.E.2d 264.
 {¶ 23} Here, the evidence at issue involved many collateral matters, which are "`outside the controversy[ ] or * * * not directly connected with the principal matter or *Page 8 
issue on dispute.'" See, State v. Smith, Franklin App. No. 04AP-726, 2005-Ohio-1765, quoting Black's Law Dictionary (6th Ed. 1990) 262. Thus, any extrinsic evidence on the issue would have been inadmissible.State v. Burks, Franklin App. No. 07AP-553, 2008-Ohio-2463.
 {¶ 24} We therefore conclude that the trial court did not abuse its discretion in refusing to admit this evidence.
 {¶ 25} For his final assignment of error, plaintiff complains that he was not awarded anything for the claimed commissions.
 {¶ 26} In this connection, we note that the magistrate determined that the dealership failed to credit plaintiff with $275 in commissions. The magistrate then noted, however, that plaintiffs draw against commissions exceeded the commissions earned so plaintiff could not establish entitlement to damages. The trial court's judgment is supported by competent, credible evidence. We therefore reject this assignment of error. C. E. Morris Co. v. Foley Construction Co., supra.
 {¶ 27} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
CHRISTINE T. MCMONAGLE, P.J., CONCURS IN JUDGMENT ONLY FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY
[1] This figure is based upon what plaintiff believes he could have obtained from a promotion where the salesperson rolls dice. *Page 1