[Cite as *Paldino v. Johnson*, 2023-Ohio-1947.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| MATTHEW PALDINO, | **CASE NO. 2022-T-0116** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| ROBERT L. JOHNSON, et al., | |
| Defendants-Appellees. | Trial Court No. 2018 CV 02237 |

**O P I N I O N**

Decided: June 12, 2023
Judgment: Affirmed

*Charles E. McFarland*, 338 Jackson Road, New Castle, KY 40050 (For Plaintiff-Appellant).

*Robert L. Johnson*, pro se, 1400 Ohio Avenue, McDonald, OH 44437, and *Benjamin Joltin*, pro se, 4738 Michigan Boulevard, Youngstown, OH 44505 (Defendants-Appellees).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Matthew Paldino, appeals the November 7, 2022 Judgment Entry of the Trumbull County Court of Common Pleas with respect to the award of damages. For the following reasons, we affirm the Judgment of the court below.

{¶2} On December 18, 2018, Paldino filed a Complaint alleging professional negligence against defendants-appellees[1], Attorneys Robert L. Johnson and Benjamin Joltin. On June 3, 2020, the trial court entered default judgment against Joltin and

---

1. Neither Johnson nor Joltin filed appellate briefs or have otherwise participated in this appeal.

deferred the issue of damages for trial. On April 26, 2022, the matter was tried before the court.

{¶3} On November 7, 2022, the trial court issued its Judgment, finding in favor of Paldino and against Johnson and Joltin. The court found that Johnson represented Paldino in the case of *Lauren Latimer v. Matthew Paldino*, Trumbull County Case No. 2010 CV 1229, which involved a parcel of real estate. In the underlying case, the court determined that the equitable value of the property should be divided between the two parties. Paldino was paying an outstanding mortgage on the real estate which reduced the value of the real estate subject to division. Johnson, however, failed to introduce evidence of this mortgage in the underlying proceedings resulting in Latimer receiving an excessive share of the actual equity in the property.

{¶4} The trial court in the present case determined damages as follows:

> Paldino submits that he is damaged in the amount of $169,079.00, which he claims are the actual damages plus punitive damages. The bulk of Paldino's damages result from the failure to introduce evidence of the mortgage in the Latimer trial. In his trial brief, Plaintiff contends that had Johnson informed the magistrate and substantiated that there was an outstanding mortgage balance that his action alone would have reduced Paldino's liability by $39,339.88 * * *. There is no dispute that Johnson submitted no evidence of the mortgage balance at the Latimer trial. The Court finds that Paldino is entitled to compensatory damages in the amount of $39,339.88 plus the statutory interest accrued as a result of the malpractice action.

> Paldino also seeks damages for a return of the attorney fees that he paid to Johnson and Joltin. The Court declines to award a return of Johnson's retainer because Paldino did receive some benefit from Johnson's representation, as he did perform some benefits to Paldino in the Latimer trial. * * * In contrast, there is no evidence in the record to show that the $650.00 paid to Joltin benefited Paldino at all.

2

Next, Paldino seeks his attorney fees in bringing this malpractice case. * * * The Court is cognizant of the argument that attorney fees incurred to rectify malpractice are recoverable as consequential damages in a legal malpractice action, but even if the Court were so inclined to award damages on this basis, in this case Paldino has failed to sufficiently prove the *amount* of the damages. There is no itemized statement of attorney fees for the court to review, and absolutely no testimony regarding the reasonableness of the fees. While an independent expert is not always required to establish the reasonableness of claimed attorney fees, there should be some testimony in the record to support the amount awarded. Here, there is nothing but a list of checks made payable to Chuck McFarland [trial counsel], and no testimony as what those checks were payable for.

Paldino also seeks the repayments [sic] of costs for transcripts * * *. The Court finds that there was insufficient evidence produced to show that the transcripts were reasonable and necessary for the prosecution of the malpractice claim. * * *

Finally, Paldino seeks punitive damages. * * * Paldino has made no allegation that Johnson or Joltin acted with malice in this case. Punitive damages are not warranted here.

{¶5} Based on the foregoing, the trial court entered judgment "against Defendants Robert Johnson and Benjamin Joltin, jointly and severally, in the amount of $39,339.88 plus statutory interest as compensatory damages," and "against Benjamin Joltin solely in the amount of $650.00 for the cost of the failed appeal as compensatory damages."

{¶6} On December 6, 2022, Paldino filed a Notice of Appeal. On appeal, he raises the following assignments of error:

[1.] The trial court committed error as a matter of law, when it failed to award compensatory damages of expenses and attorney fees to Matthew Paldino in a legal malpractice action.

[2.] The trial court abused its discretion, when it failed to award punitive damages to Matthew Paldino in a legal malpractice action.

3

{¶7} Paldino's assignments of error challenge the trial court's award of damages. "In the civil context, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case." *Terrell v. Morgan Furniture*, 11th Dist. Trumbull No. 2022-T-0033, 2022-Ohio-3981, ¶ 16.

{¶8} In the first assignment of error, Paldino argues that the trial court erred by failing to award him expenses and attorney fees incurred in prosecuting his malpractice claims against Johnson and Joltin as compensatory damages.

{¶9} The Ohio Supreme Court has recognized that a plaintiff in a legal-malpractice action may seek as consequential or compensatory damages "attorney fees incurred to correct the mistakes of the malpracticing attorney." *Paterek v. Peterson & Ibold*, 118 Ohio St.3d 503, 2008-Ohio-2790, 890 N.E.2d 316, ¶ 28; *Horn v. Cherian*, 2023-Ohio-931, __ N.E.3d __, ¶ 53 (8th Dist.) ("[i]n legal-malpractice actions attorney fees that are 'incurred to rectify, or to attempt to rectify, the malpractice are recoverable as indirect, or consequential damages' when 'the factfinder is persuaded that the fees and expenses of the successor attorney were causally related to an established cause of action for malpractice'") (citation omitted). In a claim for legal malpractice, the "plaintiff has the burden to submit evidence tending to show * * * that there is a causal connection between the conduct complained of and the resulting damage [or] loss." (Citations omitted.) *Filby v. Heffter & Russell, L.L.C.*, 11th Dist. Geauga No. 2017-G-0128, 2018-Ohio-1333, ¶ 23; *McGraw v. Jarvis*, 2021-Ohio-522, 168 N.E.3d 163, ¶ 36 (10th Dist.) ("a plaintiff claiming legal malpractice must put forth evidence of damages").

4

Case No. 2022-T-0116

**{¶10}** Alternatively, attorney fees may be awarded as an element of compensatory damages when the opposing party is found to have acted in bad faith. *Cruz v. English Nanny & Governess School*, 169 Ohio St.3d 716, 2022-Ohio-3586, 207 N.E.3d 742, ¶ 36.

**{¶11}** Reasonableness has been described as the "benchmark" for virtually any award of attorney fees. (Citation omitted.) *Almasoodi v. J. Harris Constr. Inc.*, 2023-Ohio-895, __ N.E.3d __, ¶ 78 (5th Dist.). To this end, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (Citation omitted.) *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991).

**{¶12}** In the present case, the trial court properly denied an award of attorney fees as Paldino failed to present evidence to support such an award. As noted by the court, the only evidence with respect to attorney fees in the record was an exhibit listing a series of checks issued to Chuck McFarland. It is simply a list based on nothing in the record. The checks themselves are not in evidence.[2] The dates of the checks are not provided. McFarland's invoices or statements or bills are not provided. There is no testimony regarding the services performed by McFarland, the number of hours expended, or the rates charged for the services. There is not even any testimony suggesting that the purported payments to McFarland were related to the litigation occasioned by Johnson's

---

2. There are no copies of checks issued to McFarland attached to Paldino's Motion for Summary Judgment filed on July 23, 2019. The issue of whether the checks exist elsewhere in the record, however, is irrelevant for the purposes of proving damages at trial. "In making its decision following trial, the trial court may only consider the evidence the court admitted at trial. Other evidence in the record but not admitted at trial may not be considered." *Hoaglin Holdings, Ltd. v Goliath Mtge., Inc.*, 8th Dist. Cuyahoga No. 83657, 2004-Ohio-3473, ¶ 15; *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641, 886 N.E.2d 893, ¶ 35 (10th Dist.) ("[t]he judgment of the trial court must be based upon the evidence actually adduced from the witness stand, from exhibits admitted during trial or from any stipulations agreed upon by counsel") (citation omitted).

Case No. 2022-T-0116

and Joltin's malpractice.  The evidentiary record is wholly inadequate to support an award of attorney fees under any theory of recovery.

{¶13}  The first assignment of error is without merit.

{¶14}  In the second assignment of error, Paldino argues that the trial court erred by not awarding punitive damages as a result of obvious legal malpractice that resulted in a complete disregard of his rights.  Further, Paldino contests the court's claim that he made no allegations that Johnson or Joltin acted with malice when the Complaint contains such allegations.[3]

{¶15}  In a tort action, punitive damages are not recoverable unless, inter alia, "[t]he actions or omissions of [the] defendant demonstrate malice or aggravated or egregious fraud."  R.C. 2315.21(C)(1).  Malice necessary for an award of punitive damages has been defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), syllabus.  "[T]he burden of proof shall be upon a plaintiff in question, by clear and convincing evidence, to establish that the plaintiff is entitled to recover punitive or exemplary damages."  R.C. 2315.21(D)(4).

{¶16}  In the present case, the evidence at trial did not substantiate the allegations of the Complaint with respect to either malicious or fraudulent conduct.  Only two witnesses testified at trial on the merits.  One was an expert testifying on Johnson's behalf

---

3. We note that Paldino's written Closing Argument, filed after trial, did not reassert the claim for punitive damages.

6

Case No. 2022-T-0116

that he did not commit malpractice.  The other witness was Paldino.  There was nothing in Paldino's testimony to support an award of punitive damages.  Paldino's testimony established that Johnson failed to introduce the mortgage as evidence in the underlying case but, without more, this does not demonstrate malice or fraud.  In the Complaint it was alleged that Joltin concealed Johnson's malpractice and failed to prosecute an appeal on Paldino's behalf.  Accepting this as true in light of the default judgment against Joltin, Paldino's actual damages were only $650 as determined by the trial court and Paldino acknowledged in the Complaint that the appeal did not have merit.  Given the record, punitive damages were properly denied.

{¶17}  The second assignment of error is without merit.

{¶18}  For the foregoing reasons, the Judgment of the Trumbull County Court of Common Pleas is affirmed.  Costs to be taxed against the appellant.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

7

Case No. 2022-T-0116