[Cite as *Fackelman v. Micronix*, 2012-Ohio-5513.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98320

---

# DAVID FACKELMAN, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# MICRONIX, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Parma Municipal Court
Case No. 11 CVI 04576

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEYS FOR APPELLANTS**

Joseph R. Compoli
612   East 185th Street
Cleveland, Ohio   44119

James R. Goodluck
3517 St. Albans Road
Cleveland Heights, Ohio   44121

**ATTORNEY FOR APPELLEES**

William M. Kovach
Park Center Plaza II
Suite 450
6150 Oak Tree Boulevard
Independence, Ohio   44131

**AMICUS CURIAE**
**American Association for Justice -**
**Telemarketing, Spam & Junk Fax Litigation Group**

Mark S. Telich
782 East 185th Street
Cleveland, Ohio   44119

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellants, David Fackelman and his printing company Swift Print (collectively "Fackelman"), bring the instant appeal challenging the Parma Municipal Court's decision to adopt the determination by a magistrate that appellees, Ron Shalkhauser and his company Micronix, did not violate provisions of the Telephone Consumer Protection Act of 1991 ("TCPA" or "the Act") regarding an advertisement sent via facsimile ("fax"). After a thorough review of the record and law, we affirm.

I. Factual and Procedural History

**{¶2}** Shalkhauser's son legally came into a large quantity of unused printing paper when cleaning out office space for a tenant who was moving out. Shalkhauser agreed to help his son sell the paper. On August 13, 2010, he contacted around a dozen local, small print shops by telephone asking if they were interested in buying the paper at a cost well below typical wholesale prices. He called Swift Print and spoke to a male, who said he would share the offer with his boss. Shalkhauser offered to send a list of the available products and pricing via email or facsimile. Shalkhauser testified the employee asked to have it sent via fax and gave Shalkhauser Swift Print's fax number. Shalkhauser sent the fax, which consisted of a one-page inventory of available paper and pricing.

**{¶3}** Nothing further was sent by Shalkhauser to Swift Print and no business transpired as a result of the fax. However, Fackelman was given the advertisement by

his lone employee, and it was placed in a file along with other advertisements received by fax.

{¶4} Fackelman next filed suit against appellees in Cuyahoga County Common Pleas Court on March 10, 2011, alleging breach of the TCPA. However, just prior to a scheduled trial, the case was voluntarily dismissed. Fackelman then refiled the case in the Small Claims Division of the Parma Municipal Court on November 18, 2011. On December 22, 2011, a hearing was held before a magistrate of the court where both sides presented their case. The magistrate issued an opinion on January 3, 2012, which set forth its decision finding that Shalkhauser did not violate the TCPA because the facsimile he sent was not unsolicited. Fackelman filed objections to the magistrate's decision, but those were overruled on April 2, 2012, when the trial court adopted the magistrate's decision in full. Fackelman then filed the instant appeal assigning one error:

"The trial court erred in granting judgment in favor of Defendants-Appellees."

## II. Law and Analysis

### A. Standard of Review

{¶5} Civ.R. 53(E)(4)(b) provides in relevant part that the trial court must rule on an objection to a magistrate's decision and may adopt, reject, or modify the decision. The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision amounts to an abuse of discretion, which has been defined as an error of law or judgment that implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th

Dist.1996), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Applicability of the "Junk Fax" Provision of the TCPA

**{¶6}** The TCPA prohibits one from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exceptions apply. 47 U.S.C. 227(b)(1)(C). The Act defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. 227(a)(5). The Act bestows a private right of action to those who receive facsimiles that violate the Act and may recover actual damages or $500 for each violation, whichever is greater. 47 U.S.C. 227(b)(3)(B).

**{¶7}** The Federal Communication Commission ("FCC") was vested with authority to promulgate regulations fleshing out the prohibitions contained within the Act. 47 U.S.C. 227(b)(2). The FCC issued former 47 C.F.R. 64.1200 to provide further guidance on the prohibition in the Act and the resultant penalty.[1]

**{¶8}** Under the provision applicable to this case, the regulation prohibits one "[using] a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless * * * (iii) The advertisement

---

[1] The TCPA was amended on July 9, 2005, by the Junk Fax Protection Act of 2005 ("JFPA") to codify the "existing business relationship" exception. *Magana Cathcart McCarthy v. CB Richard Ellis, Inc.*, 174 Cal.App.4th 106, 115, 94 Cal.Rptr.3d 109 (2009).

contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements." Former 47 C.F.R. 64.1200(a)(3)(iii).[2] Another subpart of subsection (a)(3) also provided that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section." Former 47 C.F.R. 64.1200(a)(3)(iv).[3]

{¶9} Fackelman makes much of the lack of any qualifier contained in subpart iv of former 47 C.F.R. 64.1200(a)(3). He argues that any advertisements, unsolicited or solicited, must contain an opt-out notice.

---

[2] This provision was modified and reordered by the FCC, effective July 11, 2012. 77 F.R. 34233, *34246-34247.

[3] The pertinent sections of former 47 C.F.R. 64.1200(a)(3), effective August 1, 2006, prohibited one from

(3) Us[ing] a * * * facsimile machine * * * to send an unsolicited advertisement to a telephone facsimile machine, unless —

* * *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if —

* * *

(iv) A facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section.

**{¶10}** This court has already addressed these arguments and cogently summarized a key premise that is outcome determinative — the TCPA applies only to unsolicited advertisements.

> "The TCPA prohibits only 'unsolicited' advertisements." *Cicero v. U.S. Four, Inc.*, Franklin App. No. 07AP-310, 2007-Ohio-6600, ¶ 42. Likewise, "the [federal regulation] in question, 47 C.F.R. § 64.1200(a)(3)(iv), purports, on its face, to apply only to unsolicited faxes." *Nack v. Walburg* (Jan. 28, 2011), E.D.Mo. No. 4:10CV00478 AGF, 2011 U.S. Dist. LEXIS 8266 (rejecting assertion that all faxes, whether solicited or unsolicited, must contain opt-out language). Simply put, the above provisions, and the opt-out notice requirements thereunder, do not apply to fax transmissions unless they constitute unsolicited advertisements.

*Miller v. Painters Supply & Equip. Co.*, 8th Dist. No. 95614, 2011-Ohio-3976, ¶ 19. In *Painters Supply*, this court addressed this argument in the class certification context. It found that class certification was not appropriate because liability for violations of the Act hinged on permission and whether the facsimile advertisements were, in fact, unsolicited.

**{¶11}** Fackelman's argument that all advertisements sent via facsimile that do not contain an opt-out provision violate provisions of the TCPA does not sufficiently give notice to businesses and individuals that a violation of the Act would occur. Former 47 C.F.R. 64.1200 began by stating, "(a) [n]o person or entity may: * * * (3) [u]se a telephone facsimile machine, computer, or other device to send an *unsolicited advertisement* to a telephone facsimile machine, unless * * *." (Emphasis added.) Former 47 C.F.R. 64.1200(a)(3)(iv) is included under the heading of former 47 C.F.R.

64.1200(a)(3), which indicates it applies only to unsolicited advertisements. 47 U.S.C. 227(b)(1)(C) also states that its provisions only apply to unsolicited advertisements.

**{¶12}** Here, we have contemporaneous permission to send a single fax, given by an employee of Swift Print as evidenced by the release of Swift Print's fax number. This corroborates Shalkhauser's testimony that he was given permission to send the single transmission. Former 47 CFR 64.1200(a)(3)(iv) talks about prior express permission and the ability to revoke that permission at any time. However, here we do not have ongoing transmissions that may occur in the future. According to his testimony, Shalkhauser was given permission to send this one fax, and that is what he did. "Although the receipt of one 'unsolicited advertisement' may violate the TCPA, * * * what Congress did not intend as a result of the passage of the TCPA was the creation of a cottage industry for litigation." (Internal citation omitted.) *Omerza v. Bryant & Stratton*, 11th Dist. No. 2006-L-092, 2007-Ohio-5215, ¶ 20. This is not a situation prohibited by the Act and not something that should be punished by statutory damages.

**{¶13}** The magistrate and the trial court both found that 47 C.F.R. 64.1200(a)(3) applies to unsolicited facsimiles because its language clearly indicates that this provision applies to "unsolicited advertisements." That interpretation is supported by case law in this jurisdiction. *See Painters Supply* at ¶ 19.

**{¶14}** Fackelman argues strenuously that the FCC has interpreted this regulation to require all facsimile advertisements to include an opt-out notice, as evidenced by the FCC's amicus brief in the appeal of *Nack*, E.D.Mo. No. 4:10CV00478 AGF, 2011 U.S.

Dist. LEXIS 8266. *Nack* is similar to the present case in that permission for one specific facsimile transmission was given by the recipient's answering service and only one transmission occurred. The *Nack* court found that 47 C.F.R. 64.1200(a)(3)(iv) did not apply to the facts of that case because

> [r]eviewing the regulation as a whole, the provision in question, 47 C.F.R. § 64.1200(a)(3)(iv), purports, on its face, to apply only to unsolicited faxes. The paragraph requiring the opt-out notice, on which Plaintiff relies, is under the paragraph that prohibits the sending of an "unsolicited" fax advertisement.

*Nack* at *11-12. The court went on to note that

> [i]n its May 3, 2006 Rules and Regulations Implementing the [TCPA] of 1991; [JFPA] of 2005, 71 Fed. Reg. 25967-01, 2006 WL 1151584 ("2006 Rules and Regulations"), the FCC states several times that its rule requiring an opt-out notice applies to all *unsolicited* fax advertisements. See 71 Fed. Reg. at 25970, 25976. (Emphasis sic.)

*Id.* at *12.

{¶15} Fackelman argues that the FCC has given its interpretation of this provision to mean that any advertisement via facsimile must contain an opt-out provision. But this is so broad as to encompass situations completely outside the Act's intended purpose. As Shalkhauser points out, according to Fackelman's strict liability interpretation of the regulation, a restaurant sending a menu at the request of a customer could be subject to the Act's harsh penalty if it does not contain an opt-out notice. That is not something contemplated by the Act. In response to this example, Fackelman argues that a menu would not be classified as an advertisement by the FCC, and thus would not fall within the Act's requirements. But, if that menu has a list of commercially available products or services, then it would arguably fall within the Act's broad definition of an advertisement.

{¶16} Fackelman can point to no controlling case law with similar facts to this case or evidence presented to the magistrate demonstrating that all advertisements transmitted by fax machine are required to have an opt-out provision. The only case precisely on point, *Nack*, found an opt-out provision was not required.

## C. Admissibility of the Statement of Permission Given By an Employee

{¶17} Fackelman also takes issue with Shalkhauser's testimony regarding consent. Fackelman argues that Shalkhauser was allowed to testify about inadmissible hearsay statements to establish that he was given permission to send the offending fax. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. Evid.R. 801(C). These statements are generally prohibited unless an exception or exclusion exists to allow such a statement to be used in court. Evid.R. 802. A trial court has broad discretion in admitting evidence. Absent an abuse of that discretion and a showing of material prejudice, a trial court's ruling on the admissibility of evidence will be upheld. *State v. Martin*, 19 Ohio St.3d 122, 129, 483 N.E.2d 1157 (1985).

{¶18} One exclusion is a statement by a party. Evid.R. 801(D)(2)(d) excludes "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" from the definition of hearsay.

{¶19} Here, Shalkhauser testified that an employee of Swift Print authorized him to send a facsimile to the business. Swift Print is a party to this action as a named

plaintiff. This was within the scope of employment and an authorized action because Fackelman testified that his employee would often give out the fax number if asked and that he was authorized to do so. Here, there is no real issue about the identity of the employee because Swift Print only has one employee.[4] Further, there is no argument that the actions of the employee in authorizing the transmission were somehow outside of the employment relationship or beyond the employee's duties. *See State ex rel. Cincinnati Bell Tel. Co. v. PUC*, 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 22. Fackelman testified that Swift Print often received orders and business transactions via facsimile and that it was common practice for his employee to give out the fax number.

{¶20} Shalkhauser's testimony that he received permission to send a facsimile to Swift Print and also received the fax number from an employee is not hearsay. Although Shalkhauser argues that the statement of the employee was not hearsay pursuant to Evid.R. 804(B)(3), a statement against interest, Shalkhauser did not show that the Swift Print employee was unavailable, as required by this exception. Evid.R. 804(B). Therefore, this exception does not apply.

---

[4] Even if Shalkhauser could not identify the employee, the exception still applies. *Davis v. Sun Refining & Mktg. Co.*, 109 Ohio App.3d 42, 54, 671 N.E.2d 1049 (2d Dist.1996).

## D. Adoption of the Magistrate's Decision

**{¶21}** Finally, Fackelman argues the trial court did not undertake an independent analysis of the magistrate's decision, but merely "rubber stamped" it. Fackelman points to the trial court's journal entry merely stating that it adopted the decision of the magistrate.

**{¶22}** Civ.R. 53(D)(4)(d) requires the court to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

**{¶23}** Fackelman argues the trial court did not even address the amicus brief filed by the FCC in *Nack*, which was filed along with his objections. This brief constitutes new evidence. Had appellant wished the trial court to consider it, he should have presented it to the magistrate, or he could have moved for its admission under Civ.R. 54(D)(4)(d) ("[T]he court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate"). Fackelman made no such showing before the trial court.

**{¶24}** Because we reach the same conclusion as the magistrate and trial court, there is no reason to believe the trial court did not review the facts of this case independently and arrive at the conclusion that Fackelman's suit is wholly without merit.

## III. Conclusion

**{¶25}** The trial court did not err in adopting the recommendation of the magistrate. Provisions of the TCPA prohibiting unsolicited advertisements sent via fax have no applicability here where Shalkhauser was given express permission to send the facsimile at issue. That express permission was also not hearsay and was admissible to establish consent by Swift Print to receive the transmission.

**{¶26}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR