[Cite as *Bowman v. Williams*, 2013-Ohio-1790.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98631**

# ELLA MAE BOWMAN

PLAINTIFF-APPELLANT

vs.

# DEBBIE WILLIAMS AND CHARLES HOLLEY

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
East Cleveland Municipal Court
Case No. 11 CVF 00358

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEY FOR APPELLANT**

Samuel R. Smith, II
75 Public Square
Suite 1111
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Alexander B. Reich
William E. Coughlin
Calfee, Halter & Griswold, L.L.P.
The Calfee Building
1405 E. Sixth Street - 4th Floor
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1}   Pro se plaintiff-appellant, Ella Mae Bowman ("Bowman"), appeals from the defense verdict in her lawsuit against defendants-appellees, Debra Williams ("Williams") and Charles Holley ("Holley") (collectively referred to as "defendants") for damages from an alleged dog bite.   For the reasons set forth below, we affirm.

{¶2}   On April 4, 2011, Bowman filed this action against defendants and their insurers, alleging that on August 1, 2010, she went to Williams's home and was bitten by a dog.   Defendants denied liability, and the matter proceeded to a jury trial on June 1, 2012.

{¶3}   Bowman testified that she went to Williams's home to inquire about placing a campaign sign in her yard.   As she stood at the side door, she noticed two dogs loose in the backyard, one of which charged her.   Williams called for the dogs and tried to get them inside.   At that point, Bowman testified that she asked if she could place the sign in the yard, and Williams agreed.   During that brief encounter with Williams, Bowman stated that she was bitten on her hip.

{¶4}   Bowman further testified that the next day she observed blood on her clothing, so she returned to Williams's house to determine whether the dogs had been vaccinated.   As Bowman was speaking with Williams, Holley instructed Williams not to give her any information.   Bowman then filed a police report with the city of East Cleveland, and her husband took her to Kaiser Permanente for treatment.

{¶5} At the conclusion of Bowman's testimony, the court asked if she had any exhibits. Bowman indicated that she had various documents that were appended to her trial brief, including pictures of her injuries, medical records, police reports, copies of journal entries from a dismissed criminal prosecution against Holley for violating East Cleveland Codified Ordinances Section 505.03,[1] pictures of dogs allegedly kept at Williams's property, records concerning the quarantine of the dogs, the county department of health dog bite records pertaining to this matter, and copies of correspondence that she sent to the defendants regarding their insurance.

{¶6} The defendants stipulated that each owns one of the dogs kept at Williams's home, and they waived any objection to Bowman's photographs of the dogs. The defendants objected to the police report, noting that it contained handwritten marks, crossed-out words, and the investigating officer's hearsay statements. Defendants also objected to docket entries concerning the criminal charge against Holley, the quarantine records, and Bowman's hospital bills, complaining that these items were not authenticated by the custodians of those particular records.

{¶7} Defendants also objected to Bowman's photographs of her injuries, complaining that they were taken by her husband, and that the photographs had not been authenticated. Over the objection of the defense, the trial court permitted Bowman to

---

[1]This ordinance provides that no person "shall allow any dog to disturb the peace and quiet of any person by barking, yelping, biting or howling."

call her husband as a witness to testify regarding the photographs. The court also permitted her to resume her testimony.

{¶8} Bowman further testified that she was seen by a doctor in the emergency room at Kaiser Permanente, but she could not provide him with information concerning the dogs. According to her testimony, the doctor gave her a tetanus shot, another injection for infection control, a prescription, and then instructed her on the care of her wound. She stated that the damages incurred as a result of the dog bite totaled $3,797.47. She admitted on cross-examination, however, that the majority of this sum related to legal costs and expenses.

{¶9} Bowman's husband ("Fred") testified that on the day after his wife went to Williams's house, he observed swelling and scarring on her hip and took her to the hospital. He also testified that he photographed her injuries.

{¶10} Bowman next called Holley upon cross-examination. Holley stated that on August 2, 2010, Bowman came to Williams's home to speak to her about the dog bite from the previous day. She showed Holley a dress with tiny holes in it and told him that she had been bitten on her hip.

{¶11} Bowman next called Williams upon cross-examination. Williams stated that she was in her backyard with the two dogs when Bowman approached her. When Bowman entered the backyard, one of the dogs remained in the backyard and the other dog ran toward her but did not bite her. Williams testified that this dog has received its required immunizations.

{¶12} The defendants elected to present evidence. Williams testified that after the dog ran toward Bowman, she asked if she was okay. Bowman stated that she was fine. The next day, however, Bowman returned demanding insurance information and claiming that the dog had bitten her on the hip. Williams also testified that the dogs were not vicious or dangerous and had never bitten anyone in the past.

{¶13} The matter was submitted to the jury that found in favor of defendants. Bowman now appeals and assigns two errors for our review.

## Assignment of Error One

The trial court erred in not allowing Plaintiff-Appellant to present sufficient evidence which resulted in a verdict being rendered against Plaintiff * * *.

{¶14} Within this assignment of error, Bowman argues that the trial court erred in refusing to permit her to admit her medical records, her medical bills, the county animal bite report pertaining to this matter, the police report, court documents pertaining to the criminal charges filed against Holley, the animal quarantine report pertaining to this matter, Fred's written statement, and pictures of her injuries.

{¶15} As an initial matter, we note that pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. *State v. Bandarapalli*, 8th Dist. No. 96319, 2011-Ohio-6158.

{¶16} Additionally, we note that the decision to admit or exclude evidence rests within the trial court's sound discretion. *State v. McGuire*, 80 Ohio St.3d 390, 400-401,

1997-Ohio-335, 686 N.E.2d 1112. Thus, a reviewing court will not reverse the trial court's decision absent an abuse of discretion. *State v. Apanovitch*, 33 Ohio St.3d 19, 25, 514 N.E.2d 394 (1987). The term "abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *State v. Adams,* 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).

**{¶17}** As to the medical records, veterinary records, county dog bite report, police report, and record of the charges filed against Holley, we note that it is well established that proving the contents of a writing presents problems with hearsay, authentication, and the best evidence rule. *SFJV v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819, ¶ 46-48 (2d Dist.), citing *State v. Carter*, 4th Dist. No. 99 CA 2479, 2000 Ohio App. LEXIS 4558 (Sept. 26, 2000).

**{¶18}** Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pursuant to Evid.R. 802, hearsay is generally inadmissible unless the declaration is subject to an exception or exclusion to the hearsay rule. *Fackelman v. Micronix*, 8th Dist. No. 98320, 2012-Ohio-5513, ¶ 17. The relevant exceptions to the hearsay rule include business records and public records set forth in Evid.R. 803(6), (8). These rules describe hearsay exceptions for the following:

**{¶19}** Evid.R. 803(6):

A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information

transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * ***

*Id.* (Emphasis added.)

**{¶20}** Evid.R. 803(8):

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers* and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

*Id.* (Emphasis added.)

**{¶21}** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by introducing "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A); *SFJV*, 187 Ohio

App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819, citing *State v. Moshos*, 12th Dist. No. CA2009-06-008, 2010-Ohio-735, ¶ 11.

**{¶22}** The authentication of hospital and medical records is governed by R.C. 2317.422, which provides in relevant part:

> [I]n lieu of the testimony in open court of their custodian, person who made them, or person under whose supervision they were made, may be qualified as authentic evidence if any such person endorses thereon his verified certification identifying such records, giving the mode and time of their preparation, and stating that they were prepared in the usual course of the business of the institution.

**{¶23}** Pursuant to Evid.R. 901(B)(7), public records or reports are authenticated through extrinsic evidence that the writing "is from the public office where items of this nature are kept." *Seringetti Constr. Co. v. Cincinnati*, 51 Ohio App.3d 1, 9-10, 553 N.E.2d 1371 (1st Dist.1988). Evid.R. 902(4) provides that a public record is self-authenticating if it has been "certified as correct by the custodian or other person authorized to make the certification[.]"

**{¶24}** Applying these principles, we cannot conclude that the trial court abused its discretion in denying Bowman's request to admit the medical records because she did not present any authentication for the records in accordance with R.C. 2317.422. The records were not endorsed as such and the custodian of records did not testify.

**{¶25}** Similarly, the county dog bite records and the East Cleveland Municipal Court records of the charges against Holley were not authenticated in accordance with Evid.R. 901(B)(7) or Evid.R. 902(4). The documents pertaining to the quarantine of Holly's dog were likewise not authenticated.

**{¶26}** The police report was not authenticated in accordance with Evid.R. 901(B)(7) or Evid.R. 902(4), and also contained inadmissible hearsay under Evid.R. 803(8).

**{¶27}** Therefore, the trial court acted within its discretion in refusing to admit these exhibits into evidence.

**{¶28}** With regard to the trial court's refusal to admit the affidavit of Fred, we note that in accordance with the best evidence rule, the best evidence is the testimony of an affiant, rather than the affiant's affidavit. *Burchfield v. McMillian-Ferguson,* 10th Dist. No. 10AP-623, 2011-Ohio-2486, ¶ 25. The court explained:

Ohio courts have held that "[a]ffidavits are not generally admissible over objection at the trial to establish facts material to the issue being tried." *Natl. City Bank v. Natl. City Window Cleaning Co.* (1963), 174 Ohio St. 510, 516, 190 N.E.2d 437. Because an affidavit is not subject to cross-examination, standing alone, it is inadmissible at trial. *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641, 886 N.E.2d 893. Also, a trial court is unable to adjudge the credibility of an affiant as it would a live witness.

**{¶29}** Therefore, the trial court did not err in refusing to admit this exhibit.

**{¶30}** As to the photographs, the admission of photographic evidence is left to the discretion of the trial court. *State v. Awkal*, 76 Ohio St.3d 324, 333, 667 N.E.2d 960 (1996). A proper foundation is required in which there must be testimony that the

photograph is a fair and accurate representation of that which it is purported to be. *State v. Hill*, 12 Ohio St.2d 88, 90, 232 N.E.2d 394 (1967). In this matter, there was no such testimony, therefore, we find no abuse of discretion.

{¶31} As to Bowman's remaining claims, we note that despite her contention that the trial court refused to admit photos of the dogs kept at Williams's home, the record reflects that the trial court did in fact admit these photos. Therefore, this claim lacks support in the record. Bowman also contends that the court erred in refusing to admit her medical bills, but the record does not support her claim that they were offered into evidence.

{¶32} In accordance with the foregoing, the first assignment of error is without merit.

{¶33} Bowman's second assignment of error states:

The verdict rendered against Plaintiff-Appellant is against the manifest weight of the evidence.

{¶34} The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal. *Seasons Coal Co. Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Further, an appellate court should not substitute its judgment for that of the trial court when there exists, as in this case, competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge. *Id.*

{¶35} In this matter, the record does contain competent and credible evidence that a dog charged at Bowman while she was on Williams's property, but it did not bite her. Further, Bowman stated at that time that she was okay. Therefore, we cannot overturn the credibility determination made in this matter and cannot substitute our judgment for that of the jury.

{¶36} The second assignment of error is without merit.

{¶37} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the East Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR